# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON SOLATARIO BROWN,<br><br>Defendant. | CRIMINAL CASE NO. 20-00028<br>CRIMINAL CASE NO. 21-00018<br><br><br>ORDER |

On January 13, 2023, the court found Defendant Jason Solatario Brown incompetent to assist in his defense. *See* ECF Nos. 49 (CR 21-00018) and 119 (CR 20-00028). The court further found that he will need restoration and ordered that he be committed to the custody of the Attorney General for treatment in a suitable facility. *Id.* The court thereafter set the matter for a status hearing and ordered that a report be provided to the court, stating "whether there is a substantial probability that in the future Defendant will attain the capacity to permit the proceedings in both cases to go forward." *Id.* The report was initially due May 12, 2023, with a status hearing set for May 18, 2023. *Id.* However, on May 4, 2023, the court received a letter from the Federal Bureau of Prisons (BOP) indicating that Defendant arrived at the medical facility on April 12, 2023, and based on the statutory timeframe of 18 U.S.C. § 4241(d), the evaluation would be completed by August 9, 2023, and a report would be available by

1

September 6, 2023. ECF Nos. 50-1 (CR 21-00018) and 120 (CR 20-00028). Thus, the court vacated the original dates and set a new deadline for the report on September 6, 2023, with a new status hearing date of September 13, 2023. ECF Nos. 51 (CR 21-00018) and 121 (CR 20-00028).

Pursuant to 18 U.S.C. § 4241(e), BOP filed a certificate, informing the court that Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. *See* ECF Nos. 52-1 (CR 21-00018) and 122-1 (CR 20-00028). Based on this, the court kept the September 13, 2023 status hearing[1] to determine how the parties would like to proceed. Due to Defendant's absence, the court continued the status hearing to September 28, 2023. However, after further consideration, the court does not find that a status hearing is necessary. Instead, it will hold a hearing pursuant to 18 U.S.C. § 4247(d) (*see* 18 U.S.C. § 4241(e)), on September 28, 2023, at 8:30 a.m., Chamorro Standard Time, to determine the competency of Defendant. Parties shall file their list of witnesses and any evidence they wish to present, no later than September 25, 2023.

The court hereby orders BOP to produce Defendant on September 28, 2023, at 8:30 a.m., Chamorro Standard Time, for a hearing through either videoconference or telephone. The United States Marshals Service is ordered to serve a copy of this Order on BOP.

As the court has not made the final determination of whether Defendant is competent for

---

[1] At the September 13, 2023 status hearing, defense counsel requested for an order to show cause (OSC) on the bases that BOP failed to submit a report and to produce Defendant at the hearing. The court finds that an OSC is warranted based on BOP's failure to produce Defendant at the hearing. However, the court finds no basis to issue an OSC based on the allegation that BOP failed to submit a "report." The court ordered BOP to submit a report stating, "whether there is a substantial probability that in the future Defendant will attain the capacity to permit the proceedings in both cases to go forward." *See* ECF Nos. 49 (CR 21-00018) and 119 (CR 20-00028). BOP complied with the court's order by informing the court that Defendant is now competent to stand trial. *See* ECF No. 52-1 at 2 (CR 21-00018) and 122-1 at 2 (CR 20-00028). The court makes clear that nowhere in its order did it require BOP to submit a medical report. The court finds that the Certificate of Restoration of Competency to Stand Trial was sufficient to meet the court's previous order to submit a report stating, "whether there is a substantial probability that in the future Defendant will attain the capacity to permit the proceedings in both cases to go forward." The court therefore DENIES defense counsel's oral motion to strike the Certificate.

As to defense's oral motion to dismiss and also to request for production of medical records and/or notes, Defendant shall file the appropriate motion(s), with supporting legal authority.

trial and to assist in his defense, the speedy trial clock remains tolled up to and including September 28, 2023, pursuant to 18 U.S.C. § 3161(h)(1) and (h)(4).

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Sep 14, 2023**